**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ismael Alfredo Velasquez,<br><br>　　　　　Defendant/Movant,<br><br>v.<br><br>United States of America,<br><br>　　　　　Respondent. | No. CV-20-00183-TUC-CKJ<br>No. CR-12-2259-CKJ-LAB-2<br><br>**ORDER** |

Before the Court is Defendant Ismael Alfredo Velasquez's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Doc. 6)  For the reasons that follow, Defendant's motion is denied, and this case remains closed.

### BACKGROUND[1]

On April 12, 2012, sisters Alina and Alpana Prasad approached the port of entry in Douglas, Arizona, from Mexico in a GMC truck loaded with over eleven kilograms of heroin. The sisters had been recruited by Defendant and his cousin to smuggle drugs across the border in exchange for $1,000. Traveling alongside the sisters, the two men had invented an excuse to abandon the vehicle before reaching the port of entry and to cross the border through the pedestrian lane. While the sisters were initially reluctant to

---

[1] Unless otherwise indicated, the information in the background section is taken from the Presentence Investigation Report ("PSR") in Defendant's underlying criminal case. The Court adopted the PSR with advisory guideline changes at Defendant's sentencing hearing.

cooperate with police, Alpana eventually identified Defendant as taking part in the plan to smuggle drugs across the border and testified against him at trial. Approximately fourteen months after he was detained, Defendant was convicted by jury of four felony offenses, including conspiracy to possess with intent to distribute heroin and conspiracy to import heroin. (Doc. 202 in 12-cr-2259-2-CKJ-LAB-2) He was sentenced by this Court to ten years incarceration for each of his felony convictions, with the sentences to run concurrently, and to five years of mandatory supervised release. *Id*. Defendant brings the motion at hand arguing that Alpana failed to provide testimony at trial that indicated that he had a role in the conspiracy and that both of the Government's star witnesses should have been discredited for their false testimony and contradicting statements. (Doc. 6 at 5-6, 8) Defendant also argues that there was insufficient evidence presented at trial to convict him of a conspiracy. *Id*. at 7.

## PROCEDURAL HISTORY

On June 18, 2020, Defendant filed his Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Doc. 6) On November 10, 2020, the Government filed its Response to Amended Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. (Doc. 14) On December 18, 2020, Defendant filed a letter with the Court, which the Court interprets as his reply. (Doc. 16) This Order follows.

## LEGAL STANDARD

A prisoner in federal custody may move the court that imposed his sentence to vacate, set aside, or correct the conviction or sentence. 28 U.S.C. § 2255(a) (2008). Such relief is available only when the sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack. *United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016). Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is

entitled to no relief."  *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255(b)).  Section 2255, however, "is not designed to provide criminal defendants multiple opportunities to challenge their sentence," *United States v. Johnson*, 988 F.2nd 941, 945 (9th Cir. 1993); and a prisoner's collateral attack may be time barred by the corresponding statute of limitations, 28 U.S.C. § 2255(f).

### Statute of Limitations

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), … federal prisoners are required to bring a collateral attack under § 2255 within one year of the date their conviction becomes final." *United States v. Schwartz*, 274 F.3d 1220, 1222 (9th Cir. 2001).  "If the [prisoner] pursues a direct appeal to the Court of Appeals but does not file a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the time for filing such a petition lapses."  *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015).  In the Court of Appeals for the Ninth Circuit, the time expires for filing a petition for a writ of certiorari ninety days after the appellate court affirms the judgment of conviction.  *See United States v. Garcia*, 210 F.3d 1058, 1059 (9th Cir. 2000) (holding that a conviction becomes final, for federal prisoners who fail to file petitions for certiorari, "90 days after entry of the court of appeals' judgment.").

### Equitable Tolling

"[T]he one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003), as amended (Nov. 3, 2003) (internal quotation marks and citation omitted). "To be entitled to equitable tolling, a habeas petitioner bears the burden of showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *United States v. Gilbert*, 807 F.3d 1197, 1202 (9th Cir. 2015) (cleaned up). "Equitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of the prisoner's untimeliness." *Id*. (cleaned up).  "This is a very high

threshold." *Id*.

## DISCUSSION

As a preliminary matter, the Government argues that Defendant's amended motion is barred by the one-year statute of limitations. (Doc. 14 at 16-17)  Defendant fails to address the timeliness of his amended motion other than to allege that he told his appellate attorney to include his various claims in his initial appeal, including ineffective assistance of counsel, and that she improperly declined to include them and told him that the issues he identified were "for the next one."  (Doc. 6 at 5)  Here, the Ninth Circuit Court of Appeals affirmed Defendant's conviction on November 4, 2016, *see United States v. Velasquez*, 665 F. App'x 587 (9th Cir. 2016), and Defendant failed to file a petition for a writ of certiorari with the Supreme Court, *see* Doc. 6 at 2.  As such, Defendant's conviction become final on February 2, 2017, or ninety days after the Ninth Circuit affirmed his conviction.  That left Defendant until February 2, 2018, to timely file his § 2255 motion, which he failed to do by over three years.  *See* Doc. 6.

Even if Defendant's amended § 2255 motion related back to his original § 2255 motion, it would still be over three years too late.  *See Ross v. Williams*, 950 F.3d 1160, 1166 (9th Cir. 2020) (observing that the relation back doctrine, outlined in Federal Rule of Civil Procedure 15, applies in habeas proceedings). Moreover, Defendant's cursory assertion that his appellate attorney failed to include the claims at hand in his initial appeal, fails to demonstrate the extraordinary circumstances that made it impossible for him to file a timely petition.  *See Spitsyn*, 345 F.3d at 799 (cleaned up) ("The prisoner must show that the extraordinary circumstances were the cause of his untimeliness."); *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (holding that a prisoner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing").  Accordingly, Defendant's amended § 2255 motion is time barred and is dismissed.

**CERTIFICATE OF APPEALABILITY**

Before Defendant can appeal the Court's judgment, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2255 Cases. Under 28 U.S.C. § 2253(c)(2), a COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." The certificate must indicate which specific issue or issues satisfy this showing. 28 U.S.C. § 2253(c)(3). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and the district court was correct in its procedural ruling. *Id.*

The Court concludes that a certificate shall not issue, as reasonable jurists could not debate whether the petition states a valid claim for the denial of a constitutional right and whether this Court was correct in its procedural ruling. Any future request for a COA must be addressed to the United States Court of Appeals for the Ninth Circuit. *See* Fed. R. App. P. 22(b).

**IT IS ORDERED:**

1. Defendant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 6) is DISMISSED.

2. A Certificate of Appealability shall not issue.

3. The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 15th day of April, 2022.

Honorable Cindy K. Jorgenson
United States District Judge